Torres, Recurrente, v. El Registrador de Caguas,
Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad Interino, de Caguas, denegatoria de la inscripción de una escritura de compraventa.

No. 480.—Resuelto en julio 27, 1921.

División de la Comunidad—Nueva Edificación.—Inscrita en el registro de la propiedad una finca urbana compuesta de varias edificaciones a favor de distintas personas con diversas participaciones de dominio que se especifican y determinan, y hecha a mayor abundamiento e inscrita la división de la comunidad mediante escritura otorgada al efecto por todos los interesados, adjudicándose a cada uno de éstos una finca determinada, la venta hecha por un tercero que ha adquirido la finca adjudicada a uno de ellos y ha edificado nueva casa en lugar de la adjudicada, ya destruída, es inscribible sin que pueda denegarse la inscripción por el fundamento insostenible de aparecer inscrito solamente un condominio a favor del vendedor.

Los hechos están expresados en la opinión.

Abogados del recurrente: Sres. Llorens & Márquez.

El registrador interino recurrido compareció por escrito.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Por escritura pública de 6 de agosto de 1920 Emilio Fernández Morales como mandatario de su esposa María Pérez Ríos, vendió a Ceferino Torres Santana una finca urbana que describe así:

"Urbana. Casa terrera, de cemento armado, cubierta de zinc, en forma de azotea, sita en la ciudad de Caguas, Puerto Rico, calle de Betances, haciendo esquina a la de Padial, en su solar que le corresponde privativo, conteniendo fabricado 11 metros 35 centímetros de frente por 11 metros 85 centímetros de fondo, de los que por el lado este mide 9 metros 25 centímetros fabricados y por el oeste nueve metros quince centímetros también fabricados, en colindancias dicha casa y solar por el sur, su frente principal, con la citada calle Betances; por el este otro de sus frentes por estar en esquina, con la calle de Padial; por el oeste con casa de Salvador F. Solás Rodríguez; y por el norte con otra casa de María Pérez Ríos."

Presentada dicha escritura al Registrador de la Propie-

dad de Caguas para su inscripción, fué denegada por nota de septiembre 15 de 1920, cuyo texto es el siguiente:

"Denegada la inscripción a que se refiere el precedente documento * * * porque no obstante ser el título un instrumento correcto *per se,* del registro aparece la ambigüedad de encontrarse inscrito a favor de la trasmitente doña María Pérez Ríos, solamente un condominio representado por 700 dólares que constituye la parte de madera de una casa con tres puertas al frente, o sea el cuerpo de tienda con su aparador y mostrador, sin que pueda determinarse claramente la extensión superficial ni el derecho de la trasmitente sobre suelo alguno, que es lo principal, según la jurisprudencia, para justificar la edificación y enajenación de la nueva casa que es lo accesorio * * *."

Esa nota ha sido recurrida para ante esta Corte Suprema por el comprador Ceferino Torres Santana, quien alega para sostener el recurso, que en el registro consta la determinación del condominio de setecientos dólares a que se refiere la nota recurrida, por haberse inscrito desde el día 13 de octubre de 1910 la escritura de división de comunidad, otorgada en Caguas el día 7 de junio del mismo año, en virtud de cuya escritura y de su inscripción en el registro, el condominio que pertenecía a doña Providencia Fernández Morales, causante de doña María Pérez Ríos, se convirtió en la finca número 1548 de dicho registro, como también consta en el registro el derecho de la trasmitente al suelo en que se encuentran enclavadas las edificaciones, cuyo derecho trae su origen de una escritura de 9 de julio de 1890, otorgada en Caguas e inscrita también en el registro de la propiedad.

Teniendo en cuenta las constancias del Registro de la Propiedad de Caguas, consignadas por el registrador en su alegato escrito y corroboradas por los documentos que acompaña a su alegato la parte recurrente, son de admitirse como base para la decisión del recurso los siguientes hechos:

1°.   A la muerte de Isidora Morales fué adjudicada entre otros bienes a tres de sus hijos nombrados Eleuteria del Carmen, José Ramón Emiliano y José Ramón Fernández y Mo-

rales en pago parcial de sus haberes hereditarios, una finca urbana que se describe así:

"Una casa grande con techumbre de tejas de barro y con departamentos de vivienda y tienda, aparador y mostrador, horno para panadería y corral cercado, ubicada en la calle del Rosario antes, hoy de Betances, esquina a la del Sol, hoy Padial, de esta ciudad (Caguas), que mide por su frente veinticuatro metros y quince de fondo, adjudicándose la parte de mampostería de la casa determinada por las cuatro puertas al frente que es lo que constituye el local de panadería y horno, valorada en $1,000, a la heredera doña Eleuteria del Carmen; la parte de maderas de la casa determinada por tres puertas al frente, que es lo que constitutye el cuerpo de tienda con su aparador y mostrador, valorada en $700, al heredero Ramón Emiliano, y la casa pequeña anexa, que forma la vivienda, valorada en $200 y la casa destinada a cochera, valorada en $350, al heredero José Ramón Fernández y Morales."

Cuyas adjudicaciones fueron inscritas el 30 de enero de 1904 en el Registro de la Propiedad de Caguas.

2°. José Ramón Emiliano Fernández y Morales conocido por Emilio Fernández y Morales, por escritura de 28 de mayo de 1909 vendió la mitad de la finca urbana ya descrita a Providencia Fernández y Morales, y el registrador en 14 de febrero de 1910 inscribió únicamente a favor del comprador el condominio de los $700 de la participación perteneciente al vendedor.

3°. Providencia Fernández Morales, vendió por escritura de 22 de marzo de 1911 a María Pérez Ríos, el condominio de $700 constituído por la parte de madera de la misma casa, con tres puertas al frente, o sea el cuerpo de tienda con su aparador y mostrador, cuya escritura también fué inscrita en el registro de la propiedad en 29 de marzo de 1911.

4°. De la finca de Isidora Morales adjudicada a sus hijos Eleuteria del Carmen, José Ramón Emiliano y José Ramón Fernández y Morales según nota marginal puesta a la inscripción de tal adjudicación en 9 de abril de 1913, fué segregado el solar que ocupaba la casa cochera cuyo solar pasó

a formar las fincas números 1822 y 1823 inscritas a los folios 227 y 232 del tomo 38 de Caguas, mientras que las edificaciones con excepción de la cochera pasaron a formar las fincas números 1546, 1547 y 1548 inscritas a los folios 218, 222 y 226 del tomo 31 de Caguas, según nota marginal de la misma fecha, 9 de abril de 1913.

5°. Las fincas expresadas Nos. 1546, 1547 y 1548 a que se refiere la nota marginal a que acabamos de hacer referencia fueron constituídas mediante escritura de división material otorgada el 7 de junio de 1910 en virtud de la cual José Ramón Emiliano, José Ramón y Eleuteria del Carmen Fernández y Morales dividieron materialmente la casa que les fué adjudicada en las operaciones particionales de los bienes de su difunta madre, haciendo de ella tres casas independientes, quedando José Ramón Emiliano Fernández y Morales como dueño de una de ellas, marcada con la letra "A" que se describe así:

"A. Casa terrera de maderas del país cubierta de tejas de barro, dedicada a tienda, sita en esta ciudad, (Caguas), calle Betances, con tres puertas al frente y con once metros veinticinco centímetros por el mismo frente por ocho metros veinticinco centímetros de fondo, en lindes por el sur, su frente, la calle citada de Betances; por el norte, su fondo, otra que se forma de la que se separa; por el este, esquina con la expresada calle de Betances; y por el oeste también con casa que se forma de la que se separa."

6°. Por otra escritura posterior de 7 de octubre de 1910 Providencia Fernández y Morales ratificó la anterior escritura de división de comunidad, en atención a haber ella adquirido por escritura de 28 de mayo de 1909 el condominio de José Ramón Emiliano Fernández y Morales, cuya ratificación en unión de la división de comunidad fué inscrita en el registro.

A la luz de los hechos expuestos tócanos ahora examinar si la razón expuesta por el registrador se ajusta o no a las constancias del Registro de la Propiedad de Caguas

que el registrador debió tener a la vista al denegar la inscripción de la escritura de 6 de agosto de 1920.

Es de notar que en esa escritura de 6 de agosto de 1920 Emilio Fernández como mandatario de su esposa María Pérez y Ríos, hace constar los siguientes hechos:

(*a*) Que su mandante es dueña de un condominio en la siguiente finca:

"Urbana. Casa terrera de mampostería y maderas del país con cuatro puertas al frente en la parte de mampostería y tres en la parte de maderas por el mismo frente a la calle de Betances en donde está situada haciendo esquina a la calle de Padial, cubierta de tejas de barro, anexa a otra casa pequeña que forma la vivienda, también de maderas del país y tejas de barro, de veinticuatro metros de frente toda la parte de maderas y mampostería, y quince de fondo, siendo el ranchón contiguo a la casa pequeña en la actualidad casa terrera de maderas del país cubierta de tejas de barro, sita en la calle del Sol, hoy calle Padial, destinada a cochera, cuyo condominio constituído por $700, constituye la parte de maderas de la misma casa con tres puertas de frente o sea el cuerpo de tienda con·su aparador y mostrador."

(*b*) Que María Pérez y Ríos hubo dicha participación por compra a Providencia Fernández Morales por escritura de 22 de marzo de 1911, cuya adquisición se hizo con carácter de bien privativo de la adquirente y fué inscrita en el registro.

(*c*) Que. sobre el solar correspondiente a su condominio que constituye la parte de maderas de la casa descrita y cuya parte de maderas fué destruída, ha edificado con dinero propio una casa cuya descripción hace y es la misma que dejamos transcrita al comienzo de esta opinión.

Opinamos que el registrador al calificar la escritura cuya inscripción ha sido denegada, además del contenido de dicha escritura debió tener en cuenta las inscripciones obrantes en el registro en relación con el traspaso de dominio hecho a favor del recurrente por María Pérez Ríos en la repetida escritura de 6 de agosto de 1920.

Los hechos expuestos muestran que el condominio de $700 a que se refiere la nota recurrida quedó definido por modo expreso mediante la escritura de división de comunidad de bienes de 7 de junio de 1910, inscrita en el registro en virtud de la cual se adjudicó a José Ramón Emiliano Fernández y Morales la casa de maderas del país marcada en dicha escritura con la letra "A." Como María Pérez Ríos vino a ser dueña de aquel condominio a virtud de traspasos del mismo hechos por José Ramón Emiliano Fernández Morales a Providencia de los mismos apellidos y por ésta a María Pérez Ríos, es consiguiente que ésta es dueña de la casa que sustituyó a aquel condominio con todos los derechos consiguientes. Habiendo sido destruída la casa y edificado María Pérez Ríos en su lugar otra que se describe en la escritura de 6 de agosto de 1920, la que vendió a Ceferino Torres Santana, procede su inscripción a favor del recurrente.

Es de revocarse la nota recurrida.

> *Revocada la nota recurrida y ordenada la inscripción.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.